MARY MORGENSTERN, Respondent, v. DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., and JACOB MORGENSTERN, Appellants.— Appeal from an order of the Sullivan County Trial Term of the Supreme Court dated May 15, 1937, setting aside the verdict of the jury of no cause of action in favor of each defendant and granting a new trial. Plaintiff was a passenger in the automobile of the defendant Morgenstern and was injured in a collision between that automobile and a delivery truck owned by the defendant, Dairymen's League Co-operative Association, Inc. This collision occurred at an intersection of two streets in the city of Middletown. The driver of each vehicle was sworn as a witness by the plaintiff and each established a cause of action for negligence against the other. Order affirmed, with costs. McNamee, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents, and votes to reverse the order and to reinstate the verdict upon the ground that under the proof presented the jury could well have found that plaintiff failed to establish the negligence of either defendant by a fair preponderance of evidence. Rhodes, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OSCAR PICK, Appellant.— This is an appeal by the defendant from a judgment of conviction of grand larceny, first degree. The indictment charged the crime as grand larceny committed under sections 1290 and 1294 of the Penal Law, the crime being committed by color and aid of false pretenses and representations made by the defendant which he knew to be false and fraudulent and relied upon by the person to whom they were made and as a result of which he secured $600 which he appropriated to his own use. The testimony was sufficient to warrant the conviction. There were no serious errors in the trial, at least there was none that would require a reversal in this court. Judgment of conviction unanimously affirmed. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

GENEVIEVE HENNESSY, as Administratrix, etc., of WILLIAM HENNESSY, Deceased, Respondent, v. JOHN H. WALKER, Defendant; NIAGARA FREIGHT LINES, INC., Appellant, and CHARLES W. PECK, Defendant. DAVID ROBERTSON, by MARIE V. ROBERTSON, His Guardian ad Litem, Respondent, v. JOHN H. WALKER, Defendant; NIAGARA FREIGHT LINES, INC., Appellant, and CHARLES W. PECK, Defendant. RALPH D. ROBERTSON, Respondent, v. JOHN H. WALKER, Defendant; NIAGARA FREIGHT LINES, INC., Appellant, and CHARLES W. PECK, Defendant.— Respondents have judgments against appellant, the owner of a vehicle propelled by power other than " muscular power " — (semi-trailer), for negligent operation of the vehicle, and the judgment should be sustained. (Vehicle and Traffic Law, § 2, subd. 8; Id. § 59.) Judgments unanimously affirmed, with one bill of costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.